OPINION
{¶ 1} Defendant-Appellant, Keith D. Greene, appeals from his conviction and sentence for Possession of Crack Cocaine, Possession of Cocaine, and Possession of Heroin, following a jury trial. Greene's appellate counsel has filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, reflecting that after a careful review of the record, counsel could find no assignments of error having arguable merit. Counsel also filed a motion to withdraw as Greene's appellate counsel. By entry filed herein on February 10, 2005, we advised Greene that his appellate counsel had filed an Ander's brief and allowed him sixty days within which to file his own, pro se brief. On April 13, 2005, we granted Greene an extension to file his pro se brief to no later than May 12, 2005. Greene subsequently filed an untimely pro se brief on May 16, 2005.
 {¶ 2} Although Greene's pro se brief was untimely, we note that we could not consider the additional evidence offered in his brief. In his brief, Greene contends that the trial court erred in admitting the testimony of Officer Rick Elworth in which he stated that he recovered keys and $146 from Greene's pockets. Greene contends that the Inmate Personal Property Record would show that Officer Elworth gave false testimony and concealed key facts. Greene states that he has made several unsuccessful attempts to obtain copies of the Inmate Personal Property Record, and attached copies of three requests he made to obtain the Inmate Personal Property Record.
 {¶ 3} We have previously held that "[i]t is fundamental that we cannot consider evidentiary material that was not presented in the first instance in the trial court." Estep v. Elam, Montgomery App. No. 18750, 2001-Ohio-1447, 2001 WL 1203057, at *2. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus.
 {¶ 4} In a direct appeal, matters outside the record cannot be relied upon in support of assignments of error at trial. A petition for post-conviction relief would be an appropriate vehicle to use to offer matters outside the record made up in the trial court. Because the Inmate Personal Property Record was not presented in the trial court, we conclude that we cannot consider this additional evidence.
 {¶ 5} In his Ander's brief, appellate counsel sets forth the following sole potential assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN NOT ENTERING AN ACQUITTAL AS A MATTER OF LAW."
 {¶ 7} Appellate counsel contends that the State presented insufficient evidence to support Greene's convictions, because the State failed to prove that Greene possessed the drugs. In considering the sufficiency of the evidence, the pivotal question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 8} In our view, there was ample evidence to support Greene's convictions. Officer Rick Elworth testified that Greene told him that "he was just basically there to help sell the crack and to get free crack." In his written statement, Greene stated that he got scared when the police came and he hid the gun and a "box of stuff" behind the bathroom door. Officer Elworth testified that he found the gun and drugs behind the bathroom door. A rational jury could have found Greene to be in possession of drugs based on this testimony. In addition to addressing the issue specifically raised by appellate counsel, we have done a thorough and independent examination of the record for potentially meritorious appellate issues pursuant to our responsibilities under Anders, supra. We conclude that appellate counsel is correct in his assessment that there are no potentially meritorious issues for appellate review. Counsel's motion to withdraw is hereby granted, and the judgment of the trial court is affirmed.
Brogan, P.J., and Wolff, J., concur.